UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LYNN JUSTINAK, as personal representative of the Estate of Ryan Alessandroni<br>Plaintiff,<br><br>-v-<br><br>JACLYN E. KASS and<br>STEPHANIE R. DENNOCENZO,<br>Defendants. | No. 2:20-cv-1<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Ryan Alessandroni took his own life while incarcerated at the Dickinson County Jail. In this lawsuit, the plaintiff alleges two state parole and probation officers failed to pass along information to jail staff, information that would have put the staff on notice that the decedent was a threat to harm himself. Asserting qualified immunity, Defendants filed a motion for summary judgment (ECF No. 81). The Magistrate Judge issued a report recommending the Court grant the motion (ECF No. 94). Plaintiff filed objections (ECF No. 95).

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### B.

Plaintiff alleges a claim under the Eighth Amendment for deliberate indifference to the serious medical needs of a prisoner. *See Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). An Eighth Amendment deliberate indifference claim includes an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In their motion, Defendants challenged the subjective component only (ECF No. 82 at 7-8 PageID.293-94). The Magistrate Judge noted that Defendants conceded the objective component, at least for the purpose of their motion (R&R at 12 PageID.616). The Magistrate Judge concluded that "the undisputed evidence is that Defendants could not have known that Alessandroni presented a *strong* likelihood of suicide even after they had received the December 13, 2018 letter" (*id.* at 15 PageID.619; italics in R&R).

Plaintiff advances both legal and factual objections to Magistrate Judge's finding. The Court provides some information here for context. The decedent violated parole and was incarcerated at the jail starting on December 11, 2018. On December 13, 2018, Plaintiff (the decedent's mother) sent identical letters to the County Prosecutors for Dickinson County and Gogebic County. In the fifth sentence of the second paragraph, Plaintiff wrote "Ryan is depressed and I am concerned he will harm himself." Defendants were both forwarded the letter around December 17, 2018. On January 6, 2019, Alessandroni hanged himself in the bathroom of the jail. He died on January 14, 2019.

1. Legal Objection

Plaintiff argues the Magistrate Judge erred by not using the subjective component test established in *Farmer*, whether the defendant drew the inference that "a substantial risk of serious harm exists." *See Farmer*, 511 U.S. at 837 ("the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must draw the inference."). The *Farmer* opinion provided some elaboration on the subjective prong:

> That a trier of fact may infer knowledge from the obvious, in other words, does not mean that it must do so. Prison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.

*Id.* at 844.

The Court overrules Plaintiff's objection. The Magistrate Judge used the deliberate indifference standard that the Sixth Circuit recognizes for prison suicide situations. In *Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020), the circuit court summarized (and quoted) the subjective prong from *Farmer* before applying the *Farmer* rule to the particular context of the case. "In the context of prison suicides, this means that it must have been obvious that there was a 'strong likelihood' an inmate would attempt suicide." *Id.* (quoting *Gray v. City of Detroit*, 399 F.3d 612, 616 (6th Cir. 2005)). "[I]t is not enough to establish that an official may have acted with deliberate indifference to some *possibility* of suicide, or even a *likelihood* of suicide; the test is a *strong likelihood* of suicide." *Id.* at 601 (italics on *Gallaway*; quoting *Gallaway v. Anuszkiewicz*, 518 F. App'x 330, 336 (6th Cir. 2013) and citing

two other opinions).  This Court cannot ignore or disregard the Sixth Circuit's specific application of the *Farmer* rule in the context of prison suicides.

### 2. Objection for Omission of Facts - Defendant's Testimony

Plaintiff argues that the Magistrate Judge erred by omitting facts in the record relevant to Defendants' subjective perceptions.  In particular, Plaintiff argues that the Magistrate Judge did not discuss the testimony of both Defendants about how they perceived the letter from Plaintiff.

As to Defendant Dennocenzo, the Court overrules Plaintiff's objection.  In her deposition, Defendant Dennocenzo responded to multiple questions about the letter. Dennocenzo agreed that the author of the letter was concerned that Alessandroni might harm himself (ECF No. 83-6 Dennocenzo Dep. at 62 PageID.467).  Dennocenzo acknowledged that *if* or *when* she had credible information that a person might harm himself, she had an obligation to notify the jail about that information (*id.* at 79 PageID.470).  When asked if she thought Alessandroni was suicidal prior to January 6, Dennocenzo responded that she "wasn't aware of really anything about Mr. Alessandroni" (ECF No. 82-2 Dennocenzo Dep. at 109 PageID.310).  Dennocenzo also denied interpreting the letter as a statement that Alessandroni was suicidal.  Justinak wanted the prosecutors to allow Alessandroni to leave Michigan and live with Justinak in Wyoming.  Dennocenzo interpreted the letter to mean that Alessandroni might harm himself if he remained in the area in Michigan (*id.* at 109-10 PageID.310-11).  This testimony, viewed in the light most favorable to Plaintiff, does not permit an inference that Dennocenzo perceived a "strong likelihood" that Alessandroni would attempt suicide.

The Court will also overrule the objection as to Defendant Kass. The Court acknowledges that this is a closer issue. At one point, Kass denied that the letter from Justinak raised concerns that Alessandroni might be suicidal (ECF No. 83-7 Kass Dep. at 55 PageID.489). Kass explained that a risk of self-harm is not necessarily a risk of suicide (*id.* at 56 PageID.489). Kass acknowledged that her training recognized a link between self-harm behaviors and suicide (*id.*). Kass thought that the risk harm to himself meant that Alessandroni could injure himself by driving while intoxicated (*id.* at 57-58 PageID.489-90). Kass agreed that the letter "contained credible evidence that Mr. Alessandroni may harm himself" (*id.* at 58 PageID.490).

The Court concludes Plaintiff has not demonstrated that considering Kass's deposition testimony would create a genuine issue of material fact about whether Kass interpreted the letter as indicating a "strong likelihood" that Alessandroni would attempt suicide. Kass testified about her subjective understanding of the letter, that Alessandroni presented a risk to himself because of his history of driving while intoxicated.[1] Plaintiff cannot point to any testimony (or other evidence in the record) that would permit an inference of some other subjective understanding of the letter. The nonmoving party cannot avoid summary judgment by arguing that the jury might not believe the testimony; the nonmoving party must "offer[] specific facts that call into question the credibility of the movant's witness." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013) (quoting *Typewrite Keyboard*

---

[1] Kass made a similar observation in her case file (ECF No. 83-5 PageID.438). After noting Alessandroni's alcohol problems, Kass wrote "I advised P I am concerned he is going to hurt himself or someone else" (*id.*).

5

*Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1158 (Fed. Cir. 2004)). Justinak's letter says nothing about the likelihood of self-harm. Other than the assertion that Alessandroni has been depressed, Justinak does not identify any particular reasons for her concern. That Kass found the Justinak's concerns about self-harm credible does not establish any basis for finding that the risk of self-harm was a "strong likelihood," rather than a possibility or even that self-harm was likely. *See Downard*, 968 f.3d at 601.

Plaintiff refers to Kass's testimony about her training and about various policies and procedures. This testimony does not create a genuine issue of material fact about Kass's subjective interpretation of the letter or whether the letter indicated a "strong likelihood" that Alessandroni might attempt suicide. Kass's testimony about her training, the connection between self-harm and suicide, does not permit an inference that the letter provides a basis for inferring that suicide was a strong likelihood. *See Galloway,* 518 F. App'x at 336 ("The single objective sign that the decedent *may* or *could* have been considering suicide...does not reasonably lead to the conclusion that McCollister contemplated, but then disregarded, a *strong likelihood* of suicide.") (italics in *Galloway*). "'An official's failure to alleviate a significant risk that *he should have perceived but did not*, while no cause for commendation,' cannot support a claim for deliberate indifference." *Downard*, 968 F.3d at 600 (italics added in *Downard*; quoting *Farmer*, 511 U.S. at 838). Kass's testimony about the various policies and procedures for probation officers and for jails does not provide any insight about whether she subjectively perceived the letter as evidence of a strong likelihood of suicide. At best, the testimony establishes the proper course of action regardless of whether the risk of suicide was slight or strong. Even if Kass failed to properly follow those rule and policies,

that failure does not permit any conclusion about her subjective perceptions of the risk of suicide for the purpose of a constitutional claim.

### 3. Objection Concerning Suicide Assessments

Plaintiff contends the Magistrate Judge erred by discussing suicide assessments made by the Jail. Plaintiff argues that Defendants were unaware of these assessments. The Court will uphold this objection. This objection does not make a difference to the outcome.

### 4. Objection Concerning Drunk Driving and Depression

Plaintiff argues the Magistrate Judge should have reviewed the facts about Alessandroni's "extreme" drunk driving and depression, both of which were relevant to Defendants' perceptions of the potential for suicidal behavior. The Court overrules this objection. The Magistrate Judge did discuss Alessandroni's substance abuse problems and his drunk driving incidents (R&R at 3-4 PageID.a607-08) and the email in which Justinak informed Defendant Kass about Alessandroni's depression (*id.* at 4-5 PageID.608-09). The Magistrate Judge concluded that the information was relevant but not sufficient to create a genuine issue of material fact for the subjective prong of Plaintiff's constitutional claim (*id.* at 13 PageID.617).

### 5. Objections for Omission of Facts - Defendants Apathy and Credibility

Plaintiff identified other facts concerning alleged apathy by Defendants, facts set forth in the response to the motion for summary judgment. Plaintiff contends that the Magistrate Judge erred by not discussing those facts. Plaintiff argues these facts bear on Defendants' credibility.

The Court overrules this objection. Individually or collectively, the omitted facts do not create a genuine issue of material a fact about whether either Defendant subjectively perceived a strong likelihood that Alessandroni might attempt suicide. For example, Dennocenzo's statement that she would like to "cut him loose" does not permit an inference of deliberate indifference relevant to the likelihood of an attempt at suicide. Dennocenzo thought there was no reasonable expectation that Alessandroni would ever pay his restitution, which was the reason he remained on probation (ECF No. 83-21 PageID.551). Plaintiff contends that the facts identified in the response brief shows apathy by both Defendants towards Alessandroni. Plaintiff then asserts that the apathy implicates Defendants' credibility. Their alleged apathy or lack of concern does not permit any inference that either or both Defendants subjectively perceived a strong likelihood that Alessandroni would attempt suicide. If anything, their apathy towards Alessandroni permits the inference that they did not perceive a threat of suicide, but the Court will not make that inference for Defendants' motion for summary judgment. The failure to place documents in Alessandroni's file might indicate carelessness but it does not permit an inference about either Defendants' honesty.

6. Objections Based on MDOC and Jail Policies

Plaintiff argues that had either Defendant passed information about Alessandroni's suicidal tendencies to the Jail, the Jail would have taken steps to prevent suicide.

The Court overrules this objection. The MDOC and Jail policies do not distinguish between a possibility of self-harm and a strong likelihood of an attempt at suicide. Only a subjective perception of the latter will support an Eighth Amendment claim. The failure to

follow a jail or probation policy does not give rise to a constitutional claim for deliberate indifference. *See Helphenstine v. Lewis Cty., Kentucky*, —F.4th—, 2023 WL 1859890, at *10 (6th Cir. Feb. 9, 2023) (citing *Griffith v. Franklin Cty., Kentucky*, 975 F.3d 554, 578 (6th Cir. 2020)). Evidence that a defendant acted negligently by failing to follow a policy or rule does not constitute evidence to prove that the defendant subjectively perceived the substantial risk. *See Comstock v. McCray*, 273 F.3d 693, 703 (6th Cir. 2001) ("The requirement that the official has subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; ....").

## C.

The Court concludes that Plaintiff's objections either (1) do not establish an error of law or fact in the Report and Recommendation or (2) do not identify an error whose correction will alter the outcome. Viewed in the light most favorable to Plaintiff, the record does not contain sufficient evidence to support the subjective prong of Plaintiff's Eighth Amendment claim against these Defendants. Accordingly, Defendants' request for qualified immunity is moot. *See Adams v. City of Auburn Hills*, 336 F.3d 515, 520 (6th Cir. 2003) ("Because the Fourth Amendment is not implicated, Adams has not alleged a constitutional violation to support a § 1983 claim. Without an underlying constitutional violation, the question of whether Backstrom is entitled to qualified immunity is moot."); *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999) (same); *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998) (same).

The Court **ADOPTS** the Report and Recommendation (ECF No. 94) as its Opinion.

The Court **GRANTS** Defendants' motion for summary judgment (ECF No. 81). **IT IS SO ORDERED.**

Date:   February 17, 2023                                    /s/  Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge